FILED 06 MAY '11 15:31 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NYMAX PRODUCTS, INC.; ET AL., | ) | Civil No. 10-1336-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MIPA AG, | ) | |
| | ) | |
| Defendant. | ) | |

Aaron J. Bernstein
Mark B. Pollack
GALANIS, POLLACK, JACOBS & JOHNSON, S.C
839 N. Jefferson Street, Suite 200
Milwaukie, WI 53202

David J. Zarosinski
Eric C. Hartwig
ZAROSINSKI LAW GROUP, P.C.
520 S.W. Sixth Avenue, Suite 1200
Portland, OR 97204

  Attorneys for Plaintiff

      Lawrence B. Hunt
      Kevin J. Tillson
      HUNT & ASSOCIATES, P.C.
      101 S.W. Main Street, Suite 805
      Portland, OR  97204

        Attorneys for Defendant

JONES, Judge:

      This action is before the court on defendant's motion (# 12) to dismiss plaintiffs' first amended complaint. I originally set the motion for oral argument on May 23, 2011, but in view of the extensive briefing on the motion, I have determined that oral argument is unnecessary. The hearing is, therefore, stricken.

      Defendant moves to dismiss all of plaintiff's claims on various grounds. While I agree with defendant that plaintiffs should be more specific concerning their allegations of misrepresentation, I conclude that taken as a whole, the allegations are sufficient to apprise defendant of the areas to be explored during discovery; consequently, I deny defendant's motion with respect to Counts I and II of the first amended complaint. I also conclude that plaintiffs have alleged enough facts to suggest a special relationship sufficient to support a claim for negligent misrepresentation; whether the evidence will establish a special relationship is a separate and premature issue.

      With respect to Counts III and IV of the first amended complaint, I agree with defendant that plaintiffs' allegations are insufficient to support their claims for intentional interference with prospective business advantage. To the contrary, the factual allegations suggest that defendant was working with plaintiffs toward resolving the issues with the paint.

2 - OPINION AND ORDER

Finally, I agree with defendant that the allegations concerning German law should be stricken as immaterial to the present action.

## CONCLUSION

Defendant's motion (# 12) to dismiss is granted in part and denied in part as set forth in this order. The allegations concerning German law are stricken. Plaintiffs shall file an amended complaint reflecting these rulings within 20 days from the date of this order.

DATED this 6th day of May, 2011.

ROBERT E. JONES
U.S. District Judge

3 - OPINION AND ORDER