UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| NYMAX PRODUCTS, INC.; ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:10-cv-1336-JO |
| | ) | |
| | ) | OPINION AND ORDER |
| MIPA AG, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, District Judge:

In their amended complaint, plaintiffs Nymax Products, Inc., a distributor of car refinishing paint products ("Nymax"), and Edward Young, its sole shareholder, allege two claims against the defendant MIPA AG, a manufacturer of car refinishing paint products: (1) intentional or reckless misrepresentation and (2) negligent misrepresentation. Specifically, plaintiffs allege that defendant misrepresented its intent to develop and manufacture its own environmentally compliant clear coat and to produce more color formulas for sale with defendant's products in the United States market.

This action is now before the court on defendant's motion (# 37) for summary judgment. For the reasons explained below, I deny defendant's motion as to the intentional or reckless misrepresentation claim but grant the motion as to the negligent misrepresentation claim.

STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and

1 - OPINION AND ORDER

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

## DISCUSSION

### I. Intentional or Reckless Misrepresentation

The elements required to prevail on a claim of reckless misrepresentation[1] under Oregon law are the same as a claim for fraud. A plaintiff must prove by clear and convincing evidence the following:

(1) The defendant made a false representation of material fact;

(2) The defendant recklessly made the representation without knowing if it was true or false;

(3) The defendant recklessly disregarded whether it was misleading the plaintiff;

---

[1] Without specifically so stating, plaintiffs rely on reckless misrepresentation as opposed to intentional misrepresentation for their claim.

2 - OPINION AND ORDER

(4) The plaintiff reasonably relied on the representation; and

(5) The plaintiff was damaged as a direct result of plaintiff's reliance on the representation. Riley Hill General Contractor v. Tandy Corp., 303 Or. 390, 405, 737 P.2d 595 (1987). A failure to perform a promise is not a sufficient basis for an action in fraud. However, a representation will give rise to an actionable claim in fraud if a promise is made with the knowledge that it will not be performed or with reckless disregard about whether it will be performed. Elizaga v. Kaiser Found. Hospitals, 259 Or. 542, 548, 487 P.2d 870 (1971).

A.  The Representations

Plaintiffs identify at least four representations allegedly made by defendant[2] that they claim were false representations of material fact. First, plaintiffs assert that certain material listed on defendant's website and in its promotional brochures in 2005, which stated that defendant manufactured a complete paint system, is a misrepresentation because defendant's product line lacked a low VOC compliant clear coat. Second, plaintiffs assert that the 2005 promotional material, which also stated that defendant regularly updated their MIPA color-system and the formulation software to provide the "latest standard," is a misrepresentation because defendant's product line was deficient in providing the full range of colors for the United States market. The final two representations that plaintiffs rely on occurred at a meeting in November 2008 between Young and defendant's director and sales manager, Markus Fritzsche. During the meeting, Fritzsche told Young that he was hiring another company, Multicolor, to satisfy plaintiffs' concerns regarding the lack of colors in defendant's product line. In addition,

---

[2] Plaintiffs have not alleged that Fleetwood, defendant's exclusive distributor in the United States, was an agent of either party and therefore, may not rely on representations made by or to Fleetwood to prove their claim.

3 - OPINION AND ORDER

Fritzsche stated that defendant would continue to try to supply plaintiffs with a 2.1 VOC clear coat free of defects that was manufactured by defendant.

B.  Statute of Limitations

Defendants argue that plaintiffs' claims for reckless misrepresentation and negligent misrepresentation are barred by the two-year statute of limitation in ORS 12.110(1) because plaintiffs knew or should have known in 2005 that defendant did not produce a usable, environmentally compliant clear coat nor would it develop new color formulas. ORS 12.110(1) provides : "An action for ... any injury to the person or rights of another, not arising on contract, ... shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from discovery of the fraud or deceit." The word "discovery" in the statute is interpreted in an objective manner. See e.g., Forest Grove Brick v. Strickland, 277 Or. 81, 85, 559 P.2d 502 (1977). Consequently, the period of limitations for fraud begins to run when the plaintiff knew or should have known of the alleged fraud. Whether the plaintiff should have known of the alleged fraud depends on a two-step analysis. First, it must appear that plaintiff had sufficient knowledge to "excite attention and put a party upon his guard or call for an inquiry ...." Mathis v. Hoeck, 284 Or. 539, 543, 588 P.2d 1 (1978). If plaintiff had such knowledge, it must also appear that "a reasonably diligent inquiry would disclose" the fraud. Wood v. Baker, 217 Or. 279, 287, 341 P.2d 134, 138 (1959). Whether the plaintiff should have known of the fraud at a particular point in time normally is a question for the jury except where only one conclusion can reasonably be drawn from the evidence. Mathies, 284 Or. at 544.

In this case, while not conceding that it made any misrepresentations, defendant asserts

4 - OPINION AND ORDER

that by 2005 plaintiffs knew that defendant did not intend to hire any third party to develop new color formulas and by 2006 plaintiffs knew that the defendant's low VOC compliant clear coat would not buff properly. Although that information might be sufficient to "excite" attention, defendants' course of conduct, including, in 2007, developing alternative versions of low VOC compliant clear coats and sending them to plaintiffs for market testing, and, also in 2007, sending a technician to demonstrate the application of defendant's products to Nimax, reasonably could have caused plaintiffs to assume defendant was trying to fulfill its representations. Therefore, I cannot say as a matter of law plaintiffs "discovered" the alleged fraud more than two years before commencing this litigation. That remains for the jury to decide.

C.    The Merits

Defendant contends it made no false representations and thus summary judgment should be granted. As noted above, at least four representations made by defendant suggest that it intended to develop and manufacture an environmentally compliant clear coat or to produce more color formulas for sale in the United States market. Plaintiffs claim, and defendant agrees, that it never produced a 2.1 VOC solvent based clear coat. Defendant did produce a water based 2.1 VOC clear coat. Whether that product fulfilled defendant's representation to plaintiff regarding producing an environmentally compliant clear coat is a genuine issue of material fact. As to the missing color formulas, defendant contracted with Multicolor to produce additional color formulations and Multicolor created over one thousand new color formulas for the United States market between March 2009 and March 2010. Again, whether the number and timing of these new colors lived up to the representations defendant made must be determined by a trier of fact. Thus, I find that defendant has not met its burden to show that there are no genuine disputes as to

any material fact. Fed.R.Civ.P. 56(a).

    II.    Negligent Misrepresentation

Plaintiffs second claim is for negligent misrepresentation. Defendant moves for summary judgment on the basis that no "special relationship" exists between the parties. A claim of negligent misrepresentation, where the plaintiff claims only economic damages, as in this case, "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159, 843 P.2d 890 (1992).

A claim for negligent misrepresentation arises most often in cases where a contractual relationship exists between the parties, and either plaintiff is trying to bring a tort action in addition to a breach of contract claim or defendant is trying to characterize plaintiff's contract claim to impose the shorter two-year tort statute of limitations. Cases in which the requisite "special relationship" exists generally involve physicians, lawyers, real estate brokers, architects, engineers, and landlords. Georgetown Realty, Inc. v. Home Ins. Co., 313 Or. 97, 103, 831 P.2d 7 (1992). Here, there is no contract between the parties and no contractual duties owed. Defendant manufactured a product, sold it to an exclusive distributor in the United States from whom plaintiffs purchased the product and then resold it to end users. In this case, the relationship between plaintiffs and defendant was purely commercial. This is unlike a physician-patient, lawyer-client, architect-client, insurer-insured and agent-principal relationships for which the Oregon courts have found a "special relationship." In distinguishing strictly commercial relations from those listed above, the Oregon Court of Appeals did not find a "special relationship" between a manufacturer and dealer, noting that: "a dealer does not generally place

complete control of critical aspects of the dealer's person, property or economic interests in the hands of the manufacturer, and the manufacturer generally does not stand in the shoes of the dealer or otherwise look after the dealer's interests as a fiduciary would." Eulrich v. Snap-on Tools Corp., 121 Or. App. 25, 36, 853 P.2d 1350 (1993). There is no evidence to support an inference that plaintiffs placed complete control of critical aspects of their property or economic interests in defendant's hands; indeed, Young's relationship with defendant was so attenuated that he testified that he did not feel he could properly contact defendant without first obtaining Fleetwood's approval. Defendant had no duty, based on a "special relationship" to look out for plaintiffs' economic interest. Therefore, as a matter of law, plaintiffs have failed to establish a claim for negligent representation.

## CONCLUSION

Defendant MIPA AG's motion (#37) for summary judgment, is denied in part and granted in part as set forth in this opinion.

DATED this 8% day of February, 2013.

Hon. Robert E. Jones
Senior, U.S. District Judge

7 - OPINION AND ORDER